**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LEE KUNZ DEVELOPMENT, LLC,

      Plaintiff,

v.

MASSACHUSETTS BAY INSURANCE COMPANY,

      Defendant.

_____

### COMPLAINT AND JURY DEMAND
_____

COMES NOW Plaintiff, LEE KUNZ DEVELOPMENT, LLC, by and through its undersigned counsel, and hereby submits this, its Complaint against Defendant, MASSACHUSETTS BAY INSURANCE COMPANY, and in support of its Complaint, alleges and avers as follows:

### PARTIES

1.    Plaintiff, Lee Kunz Development, LLC ("Plaintiff" or "Lee Kunz Development") is a Colorado limited liability company with its principal office in Wheat Ridge, Colorado.

2.    Lee Kunz Development, LLC, has two members, Lee R. Kunz, II and Maria Kunz, both domiciled in Colorado.

3.    Upon information and belief, Defendant, Massachusetts Bay Insurance Company ("Massachusetts Bay"), is an insurance company incorporated and domiciled

in the state of New Hampshire and maintains its principal place of business in the state of Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property that is the subject of the claims and the adjustment of the claims occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5.      Lee Kunz Development is the owner of property that is comprised of five locations (collectively the "Property"):

- 5351 Tennyson Street, Denver, Colorado, 80212 ("Location One")
- 5371 Tennyson Street, Denver, Colorado, 80212 ("Location Two")
- 5304 Tennyson Street, Denver, Colorado, 80212 ("Location Three")
- 5324 Tennyson Street, Denver, Colorado, 80212 ("Location Four")
- 10600 West 50th Avenue, Denver, Colorado, 80033 ("Location Five")

6.      Each of the above described locations are covered with a steel panel roofing system.

7.      Lee Kunz Development purchased a Commercial Property Coverage Policy of insurance from Massachusetts Bay under Policy Number ZD4-D13167600 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit "A."**

8.      The Policy is an all risk policy of insurance.

9.      The Policy is a replacement cost value policy and covers loss to the Property.

10.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

11.     The Policy includes Building Ordinance of Law coverage for Lee Kunz Development's Property.

12.     The Policy provides for the repair, rebuild or replacement of damaged materials with other materials of like kind and quality.

13.     The Policy includes a Cosmetic Exclusion, which provides:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

14.     The Cosmetic Exclusion described above only applies to the roofing system covering the Property.

15.     Under the Policy, Massachusetts Bay is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

16.     Under the Policy, Massachusetts Bay agreed to adjust all losses fairly and timely.

17.     Lee Kunz Development paid the premiums due under the Policy in a timely manner.

18.     Lee Kunz Development performed all duties and responsibilities required of it under the Policy.

19.    On or about May 8, 2017, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

20.    The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

21.    The direct physical loss and/or damage resulting from the hail and/or wind resulted in functional damage to the Property.

22.    The direct physical loss and/or damage resulting from the hail and/or wind prevented the roofing system covering the Property from continuing to function as a barrier to entrance of the elements to the same extent as it did before the hail damage occurred.

23.    The direct physical loss and/or damage resulting from the hail and/or wind has diminished the long-term service life of the metal roofing system covering the Property.

24.    The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Massachusetts Bay.

25.    Massachusetts Bay retained an independent adjusting firm, Interstate Restoration ("Interstate"), to investigate and adjust the direct physical loss and/or damage to the Property resulting from hail and/or wind that occurred on or about May 8, 2017.

26.    On or about May 24, 2017, Lee Kunz Development retained C3 Group, Inc. ("C3 Group"), a Colorado state licensed public adjusting firm, to assist in the adjustment of the claims for direct physical loss and damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

27.     On or about June 26, 2017, Lee Kunz Development's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $1,105,299.34 in replacement cost value covered damages to Locations One and Two of the Property ("Lee Kunz Development's Location One & Two Damage Estimate"). A copy of Lee Kunz Development's Location One & Two Damage Estimate is attached hereto as **Exhibit "B."**

28.     On or about July 7, 2017, Lee Kunz Development's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $331,016.57 in replacement cost value covered damages to Location Three of the Property ("Lee Kunz Development's Location Three Damage Estimate"). A copy of Lee Kunz Development's Location Three Damage Estimate is attached hereto as **Exhibit "C."**

29.     On or about July 7, 2017, Lee Kunz Development's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $413,235.94 in replacement cost value covered damages to Location Four of the Property ("Lee Kunz Development's Location Four Damage Estimate"). A copy of Lee Kunz Development's Location Four Damage Estimate is attached hereto as **Exhibit "D."**

30.     On or about July 7, 2017, Lee Kunz Development's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $295,962.82 in replacement cost value covered damages to Location Five of the Property ("Lee Kunz Development's Location Five Damage Estimate"). A copy of Lee Kunz Development's Location Five Damage Estimate is attached hereto as **Exhibit "E."**

31.     On or about July 7, 2017, Massachusetts Bay retained HAAG Engineering ("HAAG"), an outcome-oriented engineering firm, to investigate damages resulting from the hail and wind storm that occurred on or about May 8, 2017.

32.     HAAG performed site inspections of the Property on July 7, 2017 and July 14, 2017.

33.     On or about July 27, 2017, HAAG provided a copy of its inspection report to Massachusetts Bay ("HAAG Report"). A copy of the HAAG Report has been attached hereto as **Exhibit "F."**

34.     The HAAG Report noted that hailstones of 2.00" in diameter or larger were reported within three miles of the Property on May 8, 2017.

35.     The HAAG Report noted that hailstones of 2.00" in diameter potentially struck the Property on May 8, 2017.

36.     Regarding Location One, the HAAG Report concluded that:

    (a)     Hail punctured the metal roofing system
    (b)     Hail dented the roof caps, coping, and steel overhead door
    (c)     Hail chipped the paint on the block walls at all elevations
    (d)     Hail dented two condenser fins of the rooftop HVAC units
    (e)     Hail dented two condenser fins on the PTAC units

37.     Regarding Location Two, the HAAG Report concluded that:

    (a)     Hail dented the metal roofing system
    (b)     Hail dented two evaporative cooler louvers, coping, and roof cap vents
    (c)     Hail chipped the paint on the block walls at all elevations
    (d)     Hail dented three condenser fins on the PTAC units
    (e)     Hail scuffed the paint on the wood fence

38.     Regarding Location Three the HAAG Report concluded that:

    (a)     Hail dented the metal roofing system

    (b)    Hail dented one evaporative cooler louver and two aluminum wall louvers

39.    Regarding Location Four, the HAAG Report concluded that:

    (a)    Hail dented the metal roofing system
    (b)    Hail dented one evaporative cooler louver
    (c)    Hail dented the aluminum beading on five windows and tore the window screens
    (d)    Hail dented three condenser fins on the PTAC units

40.    Regarding Location Five, the HAAG Report concluded that:

    (a)    Hail dented the metal roofing system
    (b)    Hail dented vent caps, two evaporative cooler louvers, and two aluminum wall louvers
    (c)    Hail dented three condenser fins on the PTAC units
    (d)    Hail chipped the paint on the block walls at all elevations

41.    On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location One to Lee Kunz Development, which outlined $150,203.84 in replacement cost value covered damages ("Massachusetts Bay's Location One Damage Estimate"). A copy of Massachusetts Bay's Location One Damage Estimate attached hereto as **Exhibit "G."**

42.    Massachusetts Bay's Location One Damage Estimate did not include covered damages identified by its consultant, HAAG Engineering, outlined in the Haag Report and summarized in Paragraph 36.

43.    On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location Two to Lee Kunz Development, which outlined $137,393.53 in replacement cost value covered damages ("Massachusetts Bay's Location Two Damage Estimate"). A copy of Massachusetts Bay's Location Two Damage Estimate is attached hereto as **Exhibit "H."**

44.     Massachusetts Bay's Location Two Damage Estimate did not include covered damages identified by its consultant, HAAG Engineering, in the Haag Report and summarized in Paragraph 37.

45.     On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location Three to Lee Kunz Development, which outlined $78,792.08 in replacement cost value covered damages ("Massachusetts Bay's Location Three Damage Estimate"). A copy of Massachusetts Bay's Location Three Damage Estimate is attached hereto as **Exhibit "I."**

46.     Massachusetts Bay's Location Three Damage Estimate did not include covered damages identified by its consultant, HAAG Engineering, in the Haag Report and summarized in Paragraph 38.

47.     On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location Four to Lee Kunz Development, which outlined $116,995.63 in replacement cost value covered damages ("Massachusetts Bay's Location Four Damage Estimate"). A copy of Massachusetts Bay's Location Four Damage Estimate is attached hereto as **Exhibit "J."**

48.     Massachusetts Bay's Location Four Damage Estimate did not include covered damages identified by its consultant, HAAG Engineering, in the Haag Report and summarized in Paragraph 39.

49.     On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location Five to Lee Kunz Development, which outlined $34,153.94 in replacement cost value covered damages ("Massachusetts

Bay's Location Five Damage Estimate," all of the foregoing five damage estimates identified in Paragraphs 41-49 are collectively the "Massachusetts Bay's Damage Estimates"). A copy of Massachusetts Bay's Location Five Damage Estimate is attached hereto as **Exhibit "K."**

50.     Massachusetts Bay's Location Five Damage Estimate did not include covered damages identified by its consultant, HAAG Engineering, in the Haag Report and summarized in Paragraph 40.

51.     None of Massachusetts Bay's Damage Estimates provided for replacement of the functionally damaged metal roofing systems covering the Property.

52.     Lee Kunz Development retained J.E.I. Metallurgical, Inc. ("J.E.I. Metallurgical") to evaluate the extent of hailstone damage to the Property.

53.     J.E.I. Metallurgical harvested 30 hail divot samples from the Property. Six hail divot samples were taken from each of the five locations of the Property.

54.     15 hail divot samples, three from each of the five locations of the Property, were submitted for laboratory evaluation and destructive testing.

55.     J.E.I. Metallurgical concluded that substrate corrosion was found to be present and active in all samples taken from the roofing systems covering each of the five locations of the Property.

56.     J.E.I. Metallurgical concluded that the hailstone damage to the roofing system created corrosion of the steel substrate.

57.    J.E.I. Metallurgical concluded that the hail divot samples indicated that corrosion in all tested samples had breached the last protective barrier, referred to as the intermetallic layer.

58.    J.E.I. Metallurgical concluded that corrosion of the steel substrate of the roofing systems covering Locations One, Two, Three, and Four of the Property is occurring, and will continue unabated.

59.    J.E.I. Metallurgical concluded the roofing systems covering Locations One, Two, Three, and Four of the Property are no longer capable of completely shedding water because of ponding in the hailstone divots.

60.    J.E.I. Metallurgical concluded that pitting corrosion of the steel substrate as a result of hailstone impact has rendered the roofing systems covering each of the five locations of the Property to be functionally damaged.

61.    J.E.I. Metallurgical concluded that pitting corrosion of the steel substrate as a result of hailstone impact has reduced the lifetime of the roofing systems covering each of the five locations of the Property.

62.    On or about November 15, 2017, Lee Kunz Development provided Massachusetts Bay with a copy of the J.E.I. Metallurgical Hail Evaluation Report related to Locations One, Two, Three, and Four of the Property. A copy of the J.E.I. Hail Evaluation Report related to Locations One through Four is attached hereto as **Exhibit "L."**

63.    On or about December 22, 2017, Lee Kunz Development provided Massachusetts Bay with a copy of the J.E.I. Metallurgical Hail Evaluation Report related

to Location Five of the Property. A copy of the J.E.I. Hail Evaluation Report related to Location Five is attached hereto as **Exhibit "M."**

64.     Despite   receipt   of   J.E.I.'s   comprehensive   metallurgical   reports demonstrating functional damage to the roofing systems covering the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017, Massachusetts Bay refuses to indemnify its insured for covered damages to the roofing systems of the Property.

65.     Massachusetts Bay's failure to pay the claims in full has resulted in a breach of contract.

66.     Massachusetts Bay's failure to pay the claims in full has resulted, and continues to result, in additional damages to the Property, including, but not limited to, leaking into the structure.

67.     Massachusetts Bay's failure to pay the claims in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

68.     Massachusetts Bay's failure to pay the claims in full has resulted in financial hardship to Lee Kunz Development.

69.     It is apparent from Massachusetts Bay's conduct that Massachusetts Bay has adopted a plan or approach to delay, as much as possible, its handling and payment of the claims.

70.     Lee Kunz Development has fulfilled all duties required of it under the Policy after discovery of the loss.

71.     Lee Kunz Development has performed all conditions precedent and subsequent required under the Policy, or alternatively, has been excused from performance by the acts, representations, and/or conduct of Massachusetts Bay.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

72.     Lee Kunz Development realleges and reaffirms Paragraphs 1-71 as if fully set forth herein.

73.     Lee Kunz Development purchased an all risk policy requiring Massachusetts Bay to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

74.     The Policy between Lee Kunz Development and Massachusetts Bay is a binding contract.

75.     Lee Kunz Development paid premiums and otherwise performed all conditions precedent to the recovery of benefits under its Policy with Massachusetts Bay.

76.     Massachusetts Bay has denied certain covered damages and continues to delay and deny certain claimed damages.

77.     Massachusetts Bay's failure to honor its obligations under the Policy is a breach of contract.

78.     Massachusetts Bay's breach of contract has damaged, and continues to damage Lee Kunz Development.

79.     Lee Kunz Development is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Lee Kunz Development, LLC, respectfully requests this Court enter judgment against, Defendant, Massachusetts Bay Insurance Company, for damages resulting from its breach of contract, including special damages resulting from the roofs failing to prevent leaks into the structures, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

80.     Lee Kunz Development realleges and reaffirms Paragraphs 1-79 as if fully set forth herein.

81.     Under the Policy and Colorado law, Massachusetts Bay had a duty to act reasonably and in good faith in the handling of Lee Kunz Development's claims.

82.     Under the Policy and Colorado law, Massachusetts Bay had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Lee Kunz Development and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

83.     Under the Policy and Colorado law, Massachusetts Bay owes Lee Kunz Development the duty of good faith and fair dealing.

84.     At all times material hereto, Massachusetts Bay had the non-delegable duty to investigate the claims objectively and not to look for ways to deny benefits or attempt not to pay the full amount owed.

85.     At all times materials hereto, Massachusetts Bay owed Lee Kunz Development the duty to give equal consideration to the financial interests of its insured

and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

86.     At all times material hereto, Massachusetts Bay had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claims presented to it, and then properly evaluate and timely pay those claims.

87.     Massachusetts Bay sold Lee Kunz Development the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

88.     Massachusetts Bay knew that the Policy was purchased to protect the Property in the event of a loss.

89.     Lee Kunz Development has cooperated with Massachusetts Bay in the processing of the claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

90.     Lee Kunz Development has cooperated with Massachusetts Bay in the investigation of the claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

91.     Lee Kunz Development has not erected any obstacles to Massachusetts Bay's ability to evaluate Lee Kunz Development's claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

92.     Massachusetts Bay disregarded the validity of Lee Kunz Development's claims for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

93.    Massachusetts Bay failed to treat Lee Kunz Development's interests with equal regard to its own.

94.    Massachusetts Bay mischaracterized the evidence to the benefit of itself.

95.    Massachusetts Bay failed to be open and honest in its dealings with Lee Kunz Development.

96.    Massachusetts Bay failed to conduct a full, fair, and prompt investigation of the claims.

97.    Massachusetts Bay underpaid Lee Kunz Development's claims without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

98.    Massachusetts Bay underpaid Lee Kunz Development's claims by failing to objectively evaluate Lee Kunz Development's claims based on all available evidence, and not just evidence that Massachusetts Bay believes supports its position.

99.    Massachusetts Bay decision to underpay the benefits owed to Lee Kunz Development was intentional and not accidental.

100.    Massachusetts Bay knew that its denial to pay the benefits owed under the Policy would cause Lee Kunz Development financial hardship.

101.    Massachusetts Bay failed to assist Lee Kunz Development with the presentation of its claims.

102.    Massachusetts Bay breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

103.  Massachusetts Bay breached its duty of good faith and fair dealing by conducting an outcome-oriented investigation of Lee Kunz Development's loss.

104.  Massachusetts Bay breached its duty of good faith and fair dealing by underpaying Lee Kunz Development's claims without having documented a reasonable investigation based upon all information.

105.  Massachusetts Bay breached its duty of good faith and fair dealing by failing to pay for all direct physical loss and/or damage resulting from the hail and/or wind storm occurring on May 8, 2017.

106.  Massachusetts Bay failed to conduct a thorough and timely investigation of Lee Kunz Development's claims in accordance with insurance industry claims handling standards and practices.

107.  Among other circumstances, Massachusetts Bay has committed unfair settlement practices including, without limitation:

    (a)   Massachusetts Bay has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

    (b)   Massachusetts Bay has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (c)   Massachusetts Bay refuses to pay claims without conducting a reasonable investigation based upon all available information;

    (d)   Massachusetts Bay has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    (e)   Massachusetts Bay has compelled Lee Kunz Development to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

    (f)   Massachusetts Bay has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the

insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)    Massachusetts Bay has misrepresented terms and conditions of the Policy in an attempt to influence its insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)    Massachusetts Bay encourages its claims representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado.

108.  Massachusetts Bay's claims representatives received incentive-based compensation to close quickly or reduce claims payments.

109.  Massachusetts Bay's representatives received income-based compensation to reduce claims payments made to Lee Kunz Development on its claims for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

110.  Massachusetts Bay improperly denied Lee Kunz Development's claims by providing financial incentives to its personnel to determine claims handling.

111.  Massachusetts Bay improperly set various claims handling goals to reduce the amount it paid on claims.

112.  Massachusetts Bay improperly denied Lee Kunz Development's claims to reduce its overall claims payments.

113.  Massachusetts Bay improperly denied Lee Kunz Development's claims to increase its profits.

114.  Massachusetts Bay improperly denied Lee Kunz Development's claims to maintain its loss ratio.

115.   Massachusetts Bay improperly denied Lee Kunz Development's claims to meet department goals.

116.   Massachusetts Bay's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Lee Kunz Development.

117.   Massachusetts Bay improperly denied Lee Kunz Development's claims by motivating its claims department to pay less on claims than are otherwise owed.

118.   Massachusetts Bay improperly denied Lee Kunz Development's claims to reduce the average amount paid on its overall claims.

119.   Massachusetts Bay has committed unfair claims settlement practices as alleged in the preceding paragraphs of Lee Kunz Development's Complaint.

120.   Massachusetts Bay's conduct constitutes a bad faith breach of the insurance contract.

121.   Massachusetts Bay has committed such actions with such frequency as to indicate a general business practice.

122.   As a direct and proximate result of Massachusetts Bay's actions, Lee Kunz Development has:

(a)   incurred increased costs to repair, restore and/or replace the significant property damage;

(b)   suffered damages as a proximate result of the misconduct alleged; and

(c)   suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Lee Kunz Development, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for

damages resulting from its bad faith breach of insurance contract, including special damages resulting from the roofs failing to prevent leaks into the structure, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits
### Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

123.    Lee Kunz Development re-alleges and reaffirms Paragraphs 1-122 as though fully set forth herein.

124.    Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

125.    Under C.R.S. § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

126.    Lee Kunz Development is a first-party claimant within the meaning of C.R.S. § 10-3-1115(1)(b)(1).

127.    Lee Kunz Development suffered a loss covered by the Policy and submitted claims for that loss to Massachusetts Bay.

128.    The claimed loss and damage submitted was covered by the Policy and Lee Kunz Development was owed covered benefits under the Policy.

129.    Massachusetts Bay delayed payment of covered benefits without a reasonable basis for its actions.

130.   Massachusetts Bay denied payment of covered benefits without a reasonable basis for its actions.

131.   Among other circumstances, Massachusetts Bay has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Lee Kunz Development's Complaint.

132.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

133.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

134.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by issuing a first damage estimate without having documented a reasonable investigation based upon all information.

135.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by unnecessarily prolonging its investigation of Lee Kunz Development's claims.

136.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by providing Lee Kunz Development with an inadequate settlement offer.

137.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

138.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by retaining an outcome oriented engineering firm.

139.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to provide for all covered direct physical loss and damage identified by its retained engineer.

140.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by ignoring evidence of functional damage to the roofing systems covering the Property.

141.   Despite clear evidence of covered damages to the Property, Massachusetts Bay continued to delay and deny indemnification of its own insured without a reasonable basis for doing so.

142.   Massachusetts Bay 's actions in the adjustment of Lee Kunz Development's claims demonstrate an unmistakable complete delay of its Insured's benefits without a reasonable basis for its actions.

143.   Massachusetts Bay unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Lee Kunz Development to retain its own professionals to help properly adjust the loss to the Property.

144.   Despite receipt of Lee Kunz Development's comprehensive estimate, Massachusetts Bay denied and delayed payment of covered benefits without a reasonable basis for doing so.

145. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims to reduce its overall claims payments.

146. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims to increase its profits.

147. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims to maintain its loss ratio.

148. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims to meet its department goals.

149. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims by providing financial incentives to its personnel to determine claims handling.

150. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims by motivating its claims department to pay less on claims, such as Lee Kunz Development's claims for damages, than what is otherwise owed.

151. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims to reduce the average amount paid on its overall claims.

152. Massachusetts Bay unreasonably delayed and denied Lee Kunz Development's claims by asserting coverage positions that it knew were without merit.

153. Massachusetts Bay's actions were intended to dissuade Lee Kunz Development in pursuing benefits due and owing under the terms of the Policy in bad faith.

154.   Based upon the foregoing Paragraphs, Lee Kunz Development is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Lee Kunz Development, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for damages authorized pursuant to C.R.S. § 10-3-1116, including special damages resulting from the roofs failing to prevent leaks into the structures, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

155.   Lee Kunz Development requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 26th day of June, 2018

s/ *Timothy G. Burchard, II*
**Larry E. Bache, Jr.**
**Jonathan E. Bukowski**
**Timothy G. Burchard, II**
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone: (720) 665-9680
E-mail: lbache@merlinlawgroup.com
E-mail: jbukowski@merlinlawgroup.com
E-mail: tburchard@merlinlawgroup.com


s/ *John P. Gebauer*
**John P. Gebauer**
Stinar, Zendejas & Gaithe, PLLC
121 E. Vermijo Avenue, Ste. 200
Colorado Springs, CO 80903

Telephone: (719) 635-4200
E-mail: jgebauer@coloradolawgroup.com

Attorneys for Plaintiff Lee Kunz Development,
LLC